**Penn A. Dodson (PD2244)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMIRO GANDARA, "JOHN DOE 1," "JOHN DOE 2," in their individual capacities and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BELLISIMO MASONRY & CONSTRUCTION LLC, and ANTHONY SANTANGELO, an individual, <br><br> Defendants. | **COMPLAINT** <br><br> Case No. 2:18-CV-6962 <br><br> **JURY TRIAL REQUESTED** |

## INTRODUCTION

1. The three Plaintiffs worked as construction laborers for Defendants' masonry business for several months each. During this time, Plaintiffs, like their similarly situated coworkers, were never properly paid the overtime wages that they rightfully earned. Additionally, Plaintiff Gandara was not paid for his last two weeks of work, nor was he paid a promised and earned bonus. To challenge these and other wage violations, Plaintiffs bring this action, by and through their attorneys, against Defendants Bellisimo Masonry & Construction

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

LLC, and Anthony Santangelo, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

2. Plaintiff Ramiro Gandara further alleges that Defendant violated the anti-retaliation provisions of the FLSA and/or NYLL by threatening the Plaintiff in direct and admitted retaliation for bringing this wage claim.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' masonry business located at 52 Woodhull Lane, Holtsville, NY 11724, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Bellisimo Masonry & Construction LLC

6. Defendant Bellisimo Masonry & Construction LLC (hereinafter "Bellisimo") is a limited liability corporation doing business within Suffolk County, whose principal place of business is located at 52 Woodhull Lane, Holtsville, NY 11724. Its DOS Process agent is

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

listed with the NYS Department of State as The Limited Liability Company with an address of 52 Woodhull Lane, Holtsville, NY 11742.

7. Defendant Bellisimo Masonry & Construction LLC operates a masonry business located at 52 Woodhull Lane, Holtsville, NY 11724.

8. At all relevant times, Defendant Bellisimo had annual gross revenues in excess of $500,000.

9. At all relevant times, Defendant Bellisimo was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant Bellisimo was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Anthony Santangelo**

11. Defendant Anthony Santangelo, an individual, resides at 8 Clusterpine St., Medford, New York 11763, Suffolk County, upon information and belief.

12. Defendant Santangelo has an ownership interest in and/or is a shareholder of Bellisimo.

13. At all times material to this action, Defendant Santangelo actively participated in the business of the corporation.

14. At all times material to this action, Defendant Santangelo exercised substantial control over the functions of the company's employees including Plaintiff.

15. At all times material to this action, Defendant Santangelo was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

16. Defendant Anthony Santangelo is one of the ten largest shareholders of Bellisimo.

**Plaintiff Ramiro Gandara**

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

17. Plaintiff Ramiro Gandara is a resident of Long Island, New York.

18. At all times material to this action, Plaintiff Gandara was an "employee" within the meaning of 29 U.S.C. § 203(e).

19. Plaintiff's primary supervisor was Defendant Anthony Santangelo.

20. Plaintiff Ramiro Gandara worked for Bellisimo as a construction laborer from February 23rd, 2018 to October 7th, 2018, or about eight months.

21. Gandara estimates that generally he worked approximately 63 hours per week.

22. While working in this capacity, Plaintiff Gandara was not expected to record time worked.

23. Plaintiff Gandara typically started working at 7 AM and stopped working at 6 PM. He usually worked six days per week. We estimate his average workweek to be 63 hours.

24. While in this position, Plaintiff Gandara's pay scheme was hourly, set at $25/hr.

25. For hours over 40 worked in the workweek, Plaintiff Gandara was paid at a "straight time" rate (i.e. same as his regular hourly rate).

26. Thus, Plaintiff Gandara was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

27. Plaintiff Gandara generally got a meal break of 30 minutes or more relieved of all duties.

28. Plaintiff Gandara was not paid a promised and earned bonus of $500.

29. Plaintiff Gandara was not paid for his last two weeks of work, which we estimate to be 126 hours.

**Plaintiff John Doe 1**

30. "John Doe 1" is a pseudonym. Plaintiffs intend to move for permission for two of the plaintiffs to proceed anonymously for reasons that will be described in that motion.

31. Plaintiff John Doe 1 is a resident of New York.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

32. Plaintiff John Doe 1 worked for Bellisimo as a construction laborer.

33. As a construction laborer, Plaintiff's primary duties and responsibilities were to mix cement, gather materials, and place blocks.

34. At all times material to this action, Plaintiff John Doe 1 was an "employee" within the meaning of 29 U.S.C. § 203(e).

35. Plaintiff's primary supervisor was Defendant Anthony Santangelo.

36. Plaintiff John Doe 1 worked over 40 hours a week most workweeks, estimating that on average 60 hours or more was a typical workweek, working 12-13 hours a day, Monday through Friday and sometimes Saturday as well.

37. While working in this capacity, Plaintiff John Doe 1 was not expected to record time worked.

38. For hours over 40 worked in the workweek, Plaintiff John Doe 1 was paid at a "straight time" rate (i.e. same as their regular hourly rate).

39. Thus, Plaintiff John Doe 1 was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

**Plaintiff John Doe #2**

40. Plaintiff John Doe 2 is a resident of New York.

41. At all times material to this action, Plaintiff John Doe 2 was an "employee" within the meaning of 29 U.S.C. § 203(e).

42. As a construction laborer, Plaintiff's duties and responsibilities were framing walls and laying pavement, among other things.

43. Plaintiff's primary supervisor was Defendant Anthony Santangelo.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

44. While working in this capacity, Plaintiff John Doe 2 was not expected to record time worked.

45. Plaintiff John Doe 2 did not work overtime hours, but simply did not receive his wages from the Defendants.

**FLSA Collective Plaintiffs**

46. Plaintiffs brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all construction workers/laborers employed by Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

47. Upon information and belief, all of the Defendants' construction workers/laborers are paid on an hourly basis, have not been paid a "time and a half" rate for their overtime, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

48. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

49. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail and email.

**Rule 23 Class**

50. The Named Plaintiffs bring the Second Claim for Relief as a Class Action pursuant to Fed.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

R. Civ. Proc. 23, on behalf of all construction workers/laborers employed by Defendant on or after the date six years before the filing of the instant Complaint within the state of New York (the "Class Plaintiffs").

51. Defendants construction workers/laborers are paid on an hourly basis, have not been paid a "time and a half" rate for their overtime, have not been given pay stubs or wage notices, have not been given "spread of hours" pay, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

52. The number of, and identities of, the individuals comprising the Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

53. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than forty (40) individuals in the proposed Class. More specifically, at any given time there are approximately 20 individuals working for the Defendants. Turnover is high (each of the named Plaintiffs having worked less than a year each for example) which means that there is a substantial probability that during the six year statutory period, far more than 40 such individuals have been affected.

54. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

55. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

relief which could be sought by any member of the proposed Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused her to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

56. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

58. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

59. Further, especially given the current state of alternative job availability, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the New York requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

60. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether or not the Defendants' construction workers/laborers were paid a "time and a half" rate for their overtime hours worked, given pay stubs or wage notices, pr paid "spread of hours" pay;

   b. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   c. Whether Defendants' conduct was willful;

   d. Whether Defendants maintained true and accurate time and payroll records; and

   e. What formulae are appropriate for calculating damages.

### LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

61. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

62. Defendants failed to compensate Plaintiff and others similarly situated employees at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

63. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wage for all hours worked, in violation of the FLSA.

### *Late Payments*

64. On at least some occasions, Plaintiff did not receive his paychecks on the prescribed paydays.

65. Plaintiff Gandara was not paid for his last two weeks of work, approximately 99.5 hours.

66. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

67. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

68. Defendants had no good faith basis for believing that their pay practices as alleged above

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

were in compliance with the law.

69. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

70. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action: NEW YORK LABOR LAW (NYLL) VIOLATIONS

71. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

72. At all relevant times, Plaintiffs and others similarly situated were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

73. Plaintiffs and others similarly situated were paid at a "straight time" rate for their hours over 40 worked in the workweek.

74. Defendants failed to compensate Plaintiffs and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

75. Plaintiffs and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

*Failure To Pay Wages*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Gandara v. Bellisimo
Case No. 2:18-CV-18-6962

Complaint
Page 11

76. Defendants failed to pay Plaintiffs and others similarly situated all their earned wages, in violation of NYLL § 663.

77. In addition to the other categories of wage underpayments described herein, Defendants also failed to pay Plaintiffs and others similarly situated an earned bonus. Specifically, each member of the work crew was supposed to receive an extra $500 if they finished a certain project on time. They did finish the work on time, but the Defendants never paid out this promised incentive pay.

### *Failure To Pay Wages At Prescribed Frequency*

78. The timing and frequency of Plaintiff's pay was improper. Specifically, Plaintiff was not paid for his last two weeks of work, approximately 99.5 hours.

79. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4).

80. On at least some occasions, Plaintiff did not receive his paycheck on the prescribed paydays.

81. Because of these untimely payments, Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

82. Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

83. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

84. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

85. For the wholly unpaid final pay, Defendants failed to pay Plaintiffs and others similarly situated the minimum wage for all hours he worked, in violation of NYLL § 652.

### *Failure To Pay Wages At Prescribed Frequency*

86. Plaintiffs and others similarly situated were "manual workers" as that term is defined in NYLL § 190(4).

87. On at least some occasions, Plaintiffs and others similarly situated did not receive their paychecks on the prescribed paydays.

88. Because of these untimely payments, Plaintiffs were not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

89. When Plaintiff Gandara was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs & Wage Notices*

90. Defendants failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

91. Defendants failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL §

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Record-Keeping Failures*

92. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

93. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

94. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

95. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**As And For A Third Cause of Action:
FLSA – RETALIATION
(Plaintiff Gandara Only)**

96. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

97. After not receiving any pay at all for a couple of weeks, Plaintiff Gandara complained to Defendant Santangelo.

98. In response, Defendant Santangelo called the police and accused Plaintiff Gandara of stealing tools. At that time, the police declined to get involved but a report was filed.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

99. Since then, Defendant Santangelo has repeatedly stated to both Plaintiff Gandara and members of his counsel's firm that he would call the police on Mr. Gandara saying, in no uncertain terms, "If he sues, he's getting arrested."

100. By complaining about the lack of payment of his wages, Plaintiff engaged in activity protected under the FLSA.

101. Defendants' actions and threats were an adverse action.

102. Defendants' actions and threats were causally connected to his inquiries about his pay.

103. Defendants violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

104. As a result of these violations by Defendants of the FLSA, the Plaintiff Gandara is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A First Cause of Action:
### NYLL – RETALIATION

105. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

106. By complaining about his lack of wage payments as described above, Plaintiff Gandara also engaged in an activity protected under NYLL § 215(2).

107. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

108. As a result of these violations by Defendants of the NYLL, the Plaintiff Gandara is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E) Award Plaintiff appropriate damages for the retaliatory acts taken against through him , including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

(C) Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law; and

(D) Award Plaintiffs and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E) Award Plaintiffs and others similarly situated liquidated damages pursuant to NYLL § 663; and

(F) Award Plaintiffs and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(G) Award Plaintiff Gandara appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(H) Award Plaintiffs a service award for their role as "Named Plaintiffs"; and

(I) Award Plaintiffs and others similarly situated interest; and

(J) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(K) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **10th** day of December, **2018.**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Gandara v. Bellisimo*
Case No. 2:18-CV-18-6962

Complaint
Page 18